BLACKMER & HALL v. THE ESTATE OF SOLOMON WRIGHT. BENNINGTON, *February,* 1840.

A contract is not void because one of the parties labored under some mistake in making it, nor can it be set aside therefor, at law, unless there be fraud on the other side.

Where, by mutual agreement, mutual releases of all demands were executed and the defendant gave up his notes to the plaintiff, the plaintiff cannot avoid the effect of this settlement by showing that be labored under a mistake as to the amount of his own account.

THIS was an action of book account. Judgment to account having been rendered by the county court, auditors were appointed, who subsequently reported, that, having heard the parties and the testimony introduced, they found nothing due to the plaintiffs.

The auditors further reported as follows :—

" On the hearing of this cause, the plaintiffs presented an " account against the deceased, but no account was present-" ed in favor of the estate against the plaintiffs. It appeared " that there had been a settlement between the parties, in the " lifetime of Wright,after the account, presented by the plain-" tiffs, was made, and that that account was only a part of " the account that existed, at the time of the settlement, in " favor of the plaintiffs against Wright, deceased. It also " appeared, from the testimony of the plaintiff, Hall, that, at " the time of the settlement, there was no computation made "by either of the parties of their respective claims, but that " Wright proposed to give them a note for $200, which " should be in full of all demands of every name and nature; " that there were two notes in the hands of Wright " which were given up to the plaintiffs at the time of the " settlement ; that the accounts between the parties had been " of long standing and had been kept rather loosely.

" The plaintiffs claimed that, at the time of the settlement, " there was a mistake uyon their books, by not carrying for-" ward the amount of one page of their ledger and adding it to " the amount of their account; that the account presented to " the auditors was the same account which was upon the page " thus omitted, and nothing more. And it appeared, by the " postings upon the plaintiff's ledger, that said page had " not been carried forward. It further appeared, from the " testimony of both the plaintiffs, that, at the time of the

BENNINGTON,
February,
1840.

Blackmer &
Hall.
v.
The Estate of
Wright.

"settlement; they were neither of them aware of this mis-
"take, and that when Hall consulted with Blackmer as to the
"propriety of settling, by receiving the note of $200, as
"aforesaid, Blackmer acceded to it, supposing that all the
"accounts had been brought forward.

"It further appeared, from the testimony of Hall, who made
"the settlement, that there were other matters settled at that
"time besides the accounts of the plaintiffs and the notes
"aforesaid; that the settlement was what is called a jumping
"settlement,and receipts in full of all demands of every name
"and nature were given by the parties, each to the other;
"that this settlement was made about three years before the
"death of Solomon Wright, and the said mistake was dis-
"covered before his death, but nothing was ever said to
"him upon the subject by either of the plaintiffs."

The plaintiffs excepted to the report and insisted, that,
from the facts found by the auditors, they were entitled to
recover, but the county court overruled the exceptions, ac-
cepted the report and rendered a judgment thereon in favor
of the defendant, and the plaintiffs excepted to the decision.

*S. H. Blackmer*, for plaintiffs.

It is a well settled principle of law that the essence of a
contract is the assent of the parties, 1 Swift's Dig. 173,
and that there can be no assent to an agreement when the
party is in ignorance or error as to the facts in the case. 1
Fonb. Equity, 116. 1 Pothier on obligations, 11.

It appears from the case that the plaintiffs did not know
of this account, and, consequently, made the settlement pre-
cisely as they would have made it if this account had not
been in existence.

A charge on book, omitted by mistake, in a settlement,
may be carried to a new account and recovered in an action
on book. *Darling* v. *Hall*, 5 Vt. R. 91. *McLaughlin* v.
*Hill*, 6 Vt. R. 20. And the plaintiffs are competent wit-
nesses to prove the mistake. 6 Vt. R. 20. 5 Vt. R. 91.
*Stevens* v. *Truesdell et al*, 2 Aik. R. 81.

A receipt in full may be explained or contradicted by pa-
rol evidence. *Sparhawk et al.* v. *Administrator of Buell
et al.* 9 Vt. R. 79. *Burnap* v. *Partridge*, 3 Vt. R. 144.

If one pays money to another,by mistake, and without full

knowledge of the circumstances under which it is paid, it <span>BENNINGTON,</span> may be recovered back.   2 Com. on Cont. 35.

An omission in an agreement, by mistake, stands upon the same ground as an omission by fraud.   1 Ves. & Bea. 168.

Equity will open settled accounts for error or fraud.   1 Fonb. Equity, 120, n.

<span>BENNINGTON,<br>February,<br>1840.</span>

<span>Blackmer &<br>Hall.<br>v.<br>The Estate of<br>Wright.</span>

In a jumping settlement, the parties take into consideration their different claims and agree to a balance, and if there should be a mistake as to the amount of the true balance between them, the court would not set it aside, because the parties agreed to the amount with a knowledge of the facts, and as they knew all their demands, they could ascertain the exact balance by computation.   But a mistake as to the demands settled, ought to be corrected, because the party had not a knowledge of the facts and did not assent to the settlement of the demand of which he was ignorant, at the time, and could not ascertain the true balance by computation.

As to the length of time which elapsed after the settlement and before the death of Solomon Wright, we must presume that the mistake was not discovered in time to have it corrected before his death.

*P. Isham* and *J. S. Robinson*, for defendant.

The case of *Holbrook* v. *Blodget*, 5 Vt. R. 526, is analogous to this.   On the settlement referred to in this report, mutual receipts were passed between the parties.   This receipt cannot be avoided, from any fact appearing in the report.   It cannot on the ground of fraud, as there is no pretence that any was practised by the defendant.   Neither can it be on the ground of mistake, for there was no mistake in the application of any principle adopted in making the settlement.

The mistake of the plaintiff in adding up the account, or in carrying it forward, (if such there was) was not a mistake in the settlement; as it appears, from the report, that the parties did not, nor did they intend, to settle by the books, or have any reference to them whatever.   Neither was there any mistake in the exhibition of items of account or claims, nor in any computation of them, as it appears, from the report, that the settlement was made with the intention of having no exhibition of accounts, or any computation as to their amount.

BENNINGTON,
*February,*
1840.

Blackmer &
Hall.
*v.*
The Estate of
Wright.

In order to avoid such exhibition and computation, and to save any controversy that might arise from the "loose manner in which the accounts were kept," one of the parties made, and the other accepted, the offer of $200, as a settlement of all their claims and demands. This having been done, the plaintiffs must be bound by it.

The opinion of the court was delivered by

COLLAMER, J.—The contract for mutual releases was a legal contract, on sufficient consideration, and was actually executed. In such case each party, by the terms of the contract, takes on himself the risk of any misunderstanding or want of recollection as to the true state of the claims ; and such, in the absence of fraud, is its legal effect. It is said it is wanting in the essential ingredient of a contract, that is, a meeting and mutual consent of minds; but this is not so. The terms to which both assent, are, we agree mutually to discharge each other from all demands and each to risk, on his part, all misunderstanding or want of knowledge or recollection of the true state of our claims. The contract or settlement is not made on the ground that the claims are precisely equal, or that the sum paid on the contract will make them so, but is made on the ground that each shall run his own risk.

It is said if one pays over money, from a misunderstanding of facts, he may recover it, and it is, therefore, concluded that a contract, made by one who does not understand all the facts, is not binding. This is not law. It is preposterous to say, a man may have a contract executed to him and he avail himself of all its advantages, and yet, if he is in any material respect mistaken, he is not bound. If a man buy property and it is delivered to him, he cannot hold that property and be excused from performing his part, by paying therefor, because he has been mistaken as to its qualities or value, unless there has been some fraud in the other party.

Some chancery decisions have been produced, tending to show that chancery will sometimes set aside a contract for *mistake.* That is sometimes done, in chancery, by restoring each party to their former rights. But, in this case, the plaintiffs are requiring much more than this. They are requiring

that the deceased shall abide by his discharge and the plain-<br>
tiffs hold all they received and recover this account besides,<br>
and that, too, without showing but what Wright has already<br>
paid much more than he ever owed. *Holbrook* v. *Blodget*,<br>
5 Vt. R. 526.